**In re ESTATE OF Jewell B. GREEN**

v.

**CARTHAGE GENERAL HOSPITAL, INC.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 8, 2007 Session.

July 20, 2007.

Permission to Appeal Denied by
Supreme Court Dec. 26, 2007.

Kenneth M. Bryant, Sean C. Kirk, Nashville, Tennessee, for the appellant, Carthage General Hospital, Inc.

Jacky O. Bellar, Carthage, Tennessee, for the appellee, Estate of Jewell B. Green.

**OPINION**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

A hospital filed a claim for unpaid services provided to decedent. The decedent's estate filed an exception asserting, *inter alia*, that the claim was void because it was filed by a nonlawyer officer or employee of the nonprofit corporation hospital. The trial court struck the claim, finding it void. We hold the filing of a claim by a nonlawyer is not the unauthorized practice of law because it does not require the professional judgment of a lawyer. Accordingly, we reverse the trial court.

In response to a Notice to Creditors published by the executor of the Estate of Jewell B. Green, Carthage General Hospital filed eight (8) claims against the Estate on August 17, 2005, for health care it had provided to Ms. Green before her death. The hospital filed an affidavit of its patient finance manager that included the statement that the claims were a correct, just and valid obligation of the Estate as well as other statements required by statute.

The Estate filed an exception to the claims that stated:

1. That the claim is void as filed;

2. That the claim is not itemized and failed to attach a copy of any writing upon which claimant relied;

3. That the Estate is not indebted to Claimant.

The trial court found that the exception was well taken and dismissed the hospital's claims. The hospital has appealed.

## I. CLAIMS AGAINST ESTATES

The law regarding the procedure for creditors to file claims for amounts owed by a deceased person in order to recover from the debtor's estate is set out in Tennessee Code Annotated § 30–2–307(b):

When any claim is evidenced by a written instrument, such instrument or a photocopy of such instrument shall be filed; when due by a judgment or decree, a copy thereof certified by the clerk of the court where rendered shall be filed; and when due by open account, an itemized statement of the account shall be filed; and every claim shall be verified by affidavit of the creditor before an officer authorized to administer oaths, which affidavit shall state that the claim is a correct, just and valid obligation of the estate of the decedent, that neither the claimant nor any other person on the claimant's behalf has received payment thereof, in whole or in part, except such as is credited thereon, and that no security therefore has been received, except as thereon stated.

Tenn.Code Ann. § 30–2–307(b). The claims submitted herein were for amounts due by open account, as distinguished from the other types of debts described in the statute.

When a claim is filed and entered, the clerk of the court is to give notice to the estate's personal representative. Tenn. Code Ann. § 30–2–313(a). The estate has the right to file "written exceptions" to any claim. Tenn.Code Ann. § 30–2–314(a). "Each exception shall include a reasonably detailed explanation of the ground or grounds upon which the person making such exception intends to rely." *Id.*

The procedure to be followed after an exception is filed is set out in Tennessee Code Annotated §§ 30–2–314 and 30–2–315. The latter statute applies herein since no demand for a jury was made. Essentially, under that statute, the court "shall hear and determine all issues arising upon all such exceptions." Tenn.Code Ann. § 30–2–315(a)(2). Thus, under the statutory procedure, court intervention in terms of ruling on disputes occurs only when an exception is timely filed. Otherwise, if no exception is timely filed, the claim in effect becomes a judgment against the estate.

The statutory claim procedure is designed to afford a simple, expeditious, and informal method of filing claims against decedents. *In re Myers' Estate*, 55 Tenn. App. 195, 397 S.W.2d 831, 836 (Tenn.Ct. App.1965).

## II. ARE THE CLAIMS VOID?

■ The statement in the Estate's exception that the claim was "void as filed" was based upon the Estate's assertions that Carthage General Hospital is a nonprofit corporation; as a corporation it may not conduct its own case in court or represent itself *pro se;* and that filing a claim against an estate is the practice of law. Consequently, according to the Estate, the filing of the claim by Carthage General through a corporate officer and not through a licensed attorney constituted the unauthorized practice of law, making the claim void. Further, the Estate asserted the claim was deficient since it lacked the appropriate signature of counsel required by Tennessee Rule of Civil Procedure 11.

■ It is true that a corporation cannot act *pro se* in a court proceeding and cannot be provided legal representation by one of its nonlawyer officers or agents. *Old Hickory Engineering & Mach. Co. v. Henry*, 937 S.W.2d 782, 786 (Tenn.1996). In the *Old Hickory* case, the Supreme Court ruled that a complaint filed by a corporation's nonlawyer president should have been stricken. The legal premises underlying that conclusion were: (1) a corporation is not a person under Tenn.Code Ann. § 23–1–109, the statute that authorizes any person to conduct and manage his or her "own case in court"; (2) a nonlawyer corporate officer cannot represent a corporation in a court proceeding; (3) allowing a nonlawyer corporate officer to make the affirmations required by Tenn. R. Civ. P. 11 would constitute the unauthorized practice of law; and (4) the defect in the

complaint, *i.e.*, the absence of authorized and required Rule 11 averments, had not been cured as provided in the rule.

The filing at issue in the *Old Hickory* case was a complaint for a cause of action based on negligence, a pleading governed by the Tennessee Rules of Civil Procedure. At issue in the case before us is a claim against an estate. Such a claim is essentially a demand for payment. *Needham v. Moore*, 292 S.W.2d 720, 722 (Tenn.1956); *Wilson v. Hafley*, 189 Tenn. 598, 226 S.W.2d 308, 311 (Tenn.1949). As used in the statutes, the term "claim" refers to debts or demands against the decedent which might have been enforced by personal actions for the recovery of money. *Wunderlich v. Fortas*, 776 S.W.2d 953, 956 (Tenn.Ct.App.1989); *Wright v. Universal Tire, Inc.*, 577 S.W.2d 194, 196 (Tenn.Ct. App.1978).

While the language in some cases indicates that a claim is the "equivalent" of the beginning of an action, *Needham*, 292 S.W.2d at 722, a claim has never been considered a pleading governed by the Rules of Civil Procedure. To the contrary, it has been described as an **"informal statement of the cause of action."** *Wilson*, 226 S.W.2d at 311 (emphasis added). More significantly, our courts have uniformly held that the statutes regarding the procedure for claims against estates must be liberally construed so as to provide a simple, inexpensive, and expeditious method for the administration of estates and, specifically, so as to "dispense with formal pleadings." *Bowden v. Ward*, 27 S.W.3d 913, 918 (Tenn.2000) (quoting *Wilson*, 226 S.W.2d at 311); *Needham*, 292 S.W.2d at 722; *In re Myers' Estate*, 397 S.W.2d at 836; *In re Costello's Estate*, 37 Tenn.App. 649, 269 S.W.2d 602, 606 (Tenn.Ct.App. 1954) (stating that "formal pleadings in connection with claims of creditors against decedent estates were dispensed with" by

the statute); *Cooper's Estate v. Keathley,* 27 Tenn.App. 7, 177 S.W.2d 356, 359 (Tenn. Ct.App.1943) (stating that the statute "dispenses with formal pleadings" and holding that amendments should therefore be allowed more liberally than where procedure is more formal and strict).

A claim for payment of a debt due by a decedent is not a formal pleading and is not subject to the requirements of the Rules of Civil Procedure. Consequently, the Estate's arguments based on the premise that Tenn. R. Civ. P. 11 applies to the claim, as well as its arguments based on the portions of the *Old Hickory* opinion relevant to formal pleadings governed by the Rules of Civil Procedure, are inapplicable.

Our holdings that Rule 11 does not apply and that a claim is not a formal pleading do not, however, dispose of this appeal entirely. The Estate argues that filing a claim against an estate is the "practice of law" or "law business," as defined by statute and Supreme Court rule and, consequently, the hospital's claim was required to be filed by an attorney.

■ The Tennessee Supreme Court has the ultimate authority to define, regulate, and control the practice of law in this state. *Petition of Burson,* 909 S.W.2d 768, 773–74 (Tenn.1995). That Court has made clear that the appropriate standard for determining whether a particular action constitutes the practice of law is whether the acts in question require "the professional judgment of a lawyer." *Id.* at 776. The Court adopted that standard from then existing Tennessee Supreme Court Rules regarding ethical conduct for lawyers, specifically that governing a lawyer's responsibility to assist in preventing the unauthorized practice of law. *Id.* at 775. Specifically, the Court chose to adopt the definition in an Ethical Consideration to that rule, rejecting other definitions for the purpose of identifying unauthorized practice. The Ethical Consideration containing the standard adopted by the Court provided:

> It is neither necessary nor desirable to attempt the formulation of a single specific definition of what constitutes the practice of law. Functionally the practice of law relates to the rendition of services for others that call for the professional judgment of a lawyer. The essence of the professional judgment of the lawyer is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client; and thus, the public interest will be better served if only lawyers are permitted to act in matters involving professional judgment. Where this professional judgment is not involved, nonlawyers, such as court clerks, police officers, abstracters, and many governmental employees, may engage in occupations that require a special knowledge of law in certain areas. But the services of a lawyer are essential in the public interest whenever the exercise of professional legal judgment is required.

*Id.* at 775 (quoting Tenn. Sup.Ct. R. 8, EC 3–5).

The Rules of Professional Conduct have replaced the Code of Professional Responsibility, and while a rule still exists against assisting a person in the unauthorized practice of law, Tenn. Sup.Ct. R. 8, RPC 5.5(b), no commentary equivalent to "ethical considerations" appear. However, this change does not affect the standard to be applied by the courts in determining whether particular acts, if performed by nonlawyers, constitute the unauthorized practice of law. The Supreme Court has established that standard, specifically adopting the "professional judgment" requirement. *Petition of Burson,* 909 S.W.2d at 775–76.

In *Petition of Burson*, the Court adopted the findings of a Special Master with regard to the acts performed by non-lawyers in representing taxpayers regarding their real property tax assessments. The Special Master's report examined each step of the process for challenging appraisals and the services to be provided or the acts to be performed in each. In pertinent part, the report provided:

> Appraisal appeals are initiated by filing a fill-in-the-blank form with the local board of equalization (Ex. 1 & 2). The only information placed on the form is the identity of the property. No legal training, skill or judgment is required for identifying the property on the form. The next step is often a conference with the local taxing authority. The taxing authority is represented by the appraiser or a deputy. Appeals often end at this stage because the taxing authority may agree that the information presented on behalf of the taxpayer supports the taxpayer's valuation or because the taxing authority and the taxpayer may agree on a compromise assessment. No legal training, skill or judgment is required to participate in these conferences.
>
> If the case does not end with a conference, a hearing is held before the local board of equalization. The hearings are informal. No rules of procedure or evidence are followed. The hearings are essentially non-adversarial, information gathering sessions. Very few of the members of the local boards are attorneys. There are no opening statements or closing arguments. There is no direct or cross-examination of witnesses. Information is simply given in narrative form. No legal training, skill or judg-

> ment is required to participate in the hearings.

*Id.* at 771.

Based on these findings of fact, the Supreme Court found that no proof had been introduced to show that the services at issue required the professional judgment of a lawyer. *Id.* at 777. Consequently, nonlawyer participation in representing taxpayers in the proceedings was determined not to be unauthorized practice of law.

Similarly, filing a claim for debts due from a decedent does not require the exercise of the professional judgment of a lawyer. Such claims are in essence demands for payment. Many employees or owners of businesses make similar demands daily and are quite competent to make an informal statement of the amount due with necessary backup documentation. Although the claims statutes require some specific inclusions, they are straightforward and do not require legal training to understand. Many clerks' offices have forms to assist creditors, and the claim filed in this case appears to be such a form. Even if a statutory formality is omitted, a claim can be amended to correct such a deficiency. *Wilson*, 226 S.W.2d at 311; *Cooper's Estate*, 177 S.W.2d at 359. Finally, there is no proof in this record that filing a claim of debt due by a decedent requires professional legal judgment.

We hold that merely filing a claim against an estate is not the practice of law and, consequently, the claim filed herein by a corporate officer or employee was not the unauthorized practice of law.[1] The claim was not void.

We reverse the order of the trial court striking the claim as void and remand the

---

1. After the Estate filed its exceptions and the claim became an adversarial matter to be determined by the court, the hospital appeared through counsel. The hospital does not assert that it could have proceeded with a nonlawyer.

matter for further proceedings as necessary consistent with this opinion. Costs of this appeal are taxed to the appellee, the Estate of Jewel B. Green.