IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 15, 2012 Session

# IN RE THE ESTATE OF ROSLYN F. KARESH

**Appeal from the Probate Court of Shelby County**
**No. D-9411   Robert S. Benham, Judge**

**No. W2012-00181-COA-R3-CV - Filed December 17, 2012**

This appeal involves claims against a decedent's estate.  After claims were filed against the
decedent's estate, the co-executors filed exceptions to the claim and attached a letter
previously sent to the claimant discussing their objections to the claims.  The probate court
held that the co-executors had excepted to the claims only on the basis of timeliness, and that
objections in the attached letter would not be considered additional exceptions.  The co-
executors argued that the claims were void and unenforceable irrespective of whether
exceptions were filed; the probate court did not expressly rule on this contention.  The claims
against the estate were found to be timely filed, so the claims were reduced to judgments
against the estate without a hearing on their merits.  The co-executors appeal.  We affirm in
part and remand for findings of fact and conclusions of law under Rule 52.01 on the issue
of whether the claims against the estate are unenforceable or void on their face.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court is Affirmed**
**in Part and Remanded in Part**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J.,
and J. STEVEN STAFFORD J., joined.

Jon W. Smith and Kristen Mistretta Wilson, Memphis, Tennessee, for Plaintiff/Appellant
Estate of Roslyn F. Karesh

Audrey J. Grossman, Memphis, Tennessee, for Defendant/Appellee Barbara Stender

# OPINION

## FACTS AND PROCEEDINGS BELOW

On April 5, 2010, Roslyn F. Karesh ("Decedent") died at the age of 91. During her lifetime, Decedent had been married twice; both of her husbands predeceased her. The Decedent was survived by several of her own children, as well as a stepdaughter, Defendant/Appellee Barbara Stender. Stender resides in Charleston, South Carolina.

Prior to her death, the Decedent left a will, dated April 4, 2006. In her will, the Decedent appointed two of her sons, Jeff D. Eisenberg and Richard M. Eisenberg (collectively, "Co-executors"), to serve as co-executors of her estate. On April 23, 2010, the Co-executors properly admitted the Decedent's will to the Probate Court of Shelby County. The Co-executors were informed of their responsibility to notify in writing any possible creditors of the Decedent as to how, when, and where to file claims against the estate.

On April 28, 2010 through May 5, 2010, the Co-executors published a notice to the Decedent's creditors in a daily newspaper of general circulation in Memphis, Tennessee. The newspaper notice stated that claims should be filed "within the earlier of four (4) months from the date of the first publication . . . of this notice or twelve (12) months from the decedent's date of death." This indicated that August 28, 2010 was the deadline for filing claims against the Decedent's estate. On May 26, 2010, the Co-executors executed an affidavit stating that they had delivered a copy of the published newspaper notice to all known or reasonably ascertainable creditors of the Decedent, pursuant to Tennessee Code Annotated § 30-2-306(d). This affidavit was later filed with the trial court.

On September 13, 2010, the Co-executors' attorney sent a letter to Stender. It stated:

> In response to the letter you emailed to me on September 7th,[1] I have spoken to the co-executors and their positions are set out below. The items are numbered consistently with your letter.
>
> 1. First Union Annuity Contract #0264804. This annuity contract was terminated in 2001. The co-executors are in the process of requesting additional information, however, no benefits are due.

---

[1]The appellate record does not contain a copy of the September 7, 2010 e-mail from Stender referenced in the attorney's letter.

2. & 3. Loans to William C. Eisenberg-this is not an estate issue and any collection attempts should be directed to Bill.

4. Loan to Roslyn Karesh. As this amount was withdrawn from Karl's account on his date of death, arguably it was an advance on her trust distribution, or it could have been used for his final expenses. Again, and as we discussed, I need a copy of Karl's Will to make this determination. Jeff does not have a copy, so if you could forward me one I would appreciate it.

5. $1,130-Jeff's wedding. Jeff sent you a check in this amount but after receipt of your letter, stopped payment on the check. Jeff may be willing to pay you this amount in the future.

6. $400-Seabrook Island. It is my understanding that this relates to a family reunion in 1995, which is simply too long ago for the co-executors to validate the facts regarding this expenditure and thus consider repayment.

7,8,11,12,13,14,15,16,17&18. As we discussed, the co-executors attempted to distribute personal property in accordance with Roslyn's wishes. No payments will be made and no further distributions of personal property will be made to you or the other family members.

9&10. The co-executors will not reimburse any travel expenses for attending the funeral.

If you are not satisfied with the co-executors' positions as set out in this letter, I have enclosed a copy of the Death Notice which sets out the procedure for filing a claim against the estate. If you have additional questions, you should contact the Shelby County Probate Clerk's office or your attorney.

Stender apparently responded with an e-mail to one of the Co-executors, again detailing items for which she believed the Decedent's estate should pay. The e-mail refers to a letter to Stender from the Co-executor's attorney informing her that the Decedent's estate did not intend to pay for any of the items she requested.[2]

---

[2]The appellate record includes an additional undated e-mail from Stender further detailing her claims against the Estate, sent in response to the September 13 letter from the Co-executors' attorney.

Several months later, on March 25, 2011, Stender filed a claim against the Decedent's estate in the amount of $25,000. This claim was comprised of four smaller claims.[3] A few days later, on March 29, 2011, Stender filed a second claim against Decedent's estate. The second claim totaled $5,158 and was comprised of three smaller claims.[4]

On April 12, 2011, the Co-executors filed with the trial court an exception to both of Stender's claims and gave Stender notice of the exceptions. Both exceptions[5] asserted that Stender's claims were not timely filed:

> Jeff D. Eisenberg and Richard M. Eisenberg, co-executors, except to the claim of Barbara Karesh Stender, M. Jae Karesh Cassat and William B. Karesh, being a claim in the total amount of $25,000 [and $5,158] and entered on the records of the Probate Court of Shelby County, Tennessee on the grounds that the claim[s] [were] not filed timely.

Both exceptions attached a copy of the letter from the Co-executors' attorney to Stender dated September 13, 2010.

On October 3, 2011, the trial court heard arguments from counsel on the Co-executors' stated exceptions, namely, the timeliness of both of Stender's claims. The trial court ruled that both claims were timely and accordingly overruled the exceptions filed by the estate. At that time, counsel for the estate asked the trial court for permission to put on proof regarding the merits of Stender's claims. The trial court set a hearing for October 31, 2011 on the issue of whether the exceptions filed by the estate were sufficient to permit an evidentiary hearing on the merits of the claims. Both parties were allowed to submit briefs on the issue.

On October 26, 2011, the Co-executors filed two amended exceptions to both of Stender's claims against the estate. The amended exceptions detailed the estate's objections to the specific items that comprised Stender's claims, elaborating on the objections that were briefly

---

[3]The four smaller claims included half the value of a First Union Bank Annuity valued at $12,500; the repayment of a loan to Annette and William Eisenberg that was made from the Karl Karesh Trust account valued at $500; and two loans to the Decedent from the Karl Karesh Trust account valued at $9,000 and $3,000.

[4]The three smaller claims included reimbursement to Stender for traveling with Decedent to a family reunion on Seabrook Island and travel expenses for a will beneficiary to Decedent's funeral, totaling $1,528; two paintings valued at $2,500; and reimbursement for wedding expenses resulting from Stender having hosted the wedding of one of the Co-executors at her home, totaling $1,300.

[5]The exceptions to Stender's two claims were identical. In this Opinion, for simplicity, we combine the quoted excerpt from both exceptions.

referenced in the September 13, 2010 letter. In addition, the estate argued in its brief that the September 13, 2010 letter attached to the original exceptions filed in April 2011 stated additional bases for denying Stender's claims; thus all of the exceptions were timely and the estate was entitled to an evidentiary hearing on the merits of Stender's claims. In the alternative, the estate argued that the amended exceptions should relate back to the original April 2011 exceptions. Finally, the estate argued that even if no exception had been filed, Stender's claims were null on their face and unenforceable as a matter of law. In response, Stender argued that the estate was not entitled to an evidentiary hearing on the merits of her claims, as the only timely exceptions filed were based solely on the timeliness of her claims, which had already been decided.

After the hearing on October 31, 2011,[6] the trial court issued its findings of facts and conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. In this order, the trial court first addressed the timeliness of Stender's claims against the estate. It noted that, although the estate was aware that Stender[7] was a possible claimant by May 24, 2010, it waited until September 13, 2010, to send any correspondence to Stender about the deadlines for filing a claim. The trial court determined that the notice sent to Stender with the September 13 letter gave inaccurate information, and thus did not constitute actual notice to Stender. Thus, under Tennessee Code Annotated § 30-2-307(a)(1),[8] the trial court held

---

[6]The appellate record does not include a transcript of the hearing. However, the estate filed a statement of the evidence, despite the fact that the hearing was not an evidentiary hearing. The trial court did not rule on the proffered statement of the evidence. Based on our analysis below of the issues raised on appeal, we need not address whether the statement of the evidence is deemed approved under Rule 24(f) of the Tennessee Rules of Appellate Procedure.

[7]As noted above, Stender resides in South Carolina and thus would not have seen the notice published in the Memphis, Tennessee newspaper.

[8]At the time of the trial court's proceedings below, Tennessee Code Annotated § 30-2-307(a)(1)(A) and (B) stated as follows:

> (a)(1) All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in notice published or posted in accordance with § 30-2-3076(b). However:
>
>> (A) If a creditor receives actual notice less than sixty (60) days before the expiration of the period prescribed in § 30-2-306(b) or after the expiration of the period prescribed in § 30-2-306(b) and more than sixty (60) days before the date that is twelve (12) months from the decedent's date of death, the creditor's claim shall be barred unless filed within sixty (60) days from the date of receipt of actual notice; or

(continued...)

that Stender had received no notice, actual or otherwise. As a result, Stender had twelve months from the Decedent's death to file a claim. Since the Decedent died on April 5, 2010, and Stender filed her claims in March 2011, Stender's claims were deemed timely.

The trial court then addressed the exceptions to Stender's claims filed by the estate. The trial court was not persuaded by the estate's argument that the September 13, 2010 letter, attached to the exceptions filed by the estate in April 2011, constituted additional exceptions to Stender's claims against the estate. It concluded that the sole grounds for the exceptions filed in April 2011 was that Stender's claims were untimely. It found further that the amended exceptions filed in October 2011 were not timely filed, and the estate did not seek permission to amend the April 2011 exceptions, as required under Rule 15 of the Tennessee Rules of Civil Procedure. Thus, the exceptions based on the timeliness of Stender's claims were denied and no other exceptions were permitted. From this order, the Decedent's estate now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

The Decedent's estate raises five issues on appeal:

> 1. Whether the Probate Court erred in holding that the Co-executors filed "no valid exceptions" to claims against the Estate.
>
> 2. Whether the exceptions filed by the Appellant contained a "reasonably detailed explanation" of the ground or grounds upon which the Appellant intended to rely in opposing Appellee's claims against the Estate, as required by Tenn. Code Ann. § 30-2-214(a).
>
> 3. Whether the exceptions filed by Appellant provided the Appellee with fair notice of the ground or grounds upon which Appellant intended to rely in opposing Appellee's claims.

---

[8](...continued)

> (B) If a creditor receives actual notice less than sixty (60) days before the date that is twelve (12) months from the decedent's date of death or receives no notice, the creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

Since then, these subsections as well as parts of Section 30-2-306 have been deleted and recodified in an amendment to Section 30-2-306(b). *See* 2012 Tenn. Pub. Acts 886; 2012 Tenn. Pub. Ch. 886; 2011 Tenn. HB 3237 (approved May 9, 2012). These amendments are not at issue in this appeal, so in this Opinion, we refer to the version of the statutes in effect at the time of the proceedings below.

4. Whether the Probate Court erred in failing to allow a hearing on the merits of the claims against the Estate.

5. Whether Appellee's claims against the Estate that are unenforceable as a matter of law should be dismissed regardless of the sufficiency of the exceptions filed.

As this case was decided by the probate court without a jury, we review the findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009); *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Conclusions of law, such as the interpretation of a statute, are reviewed *de novo*, with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Bowden,* 27 S.W.3d at 916; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## ANALYSIS

It has long been held that the Tennessee statutes governing decedent's estates are intended "to afford a very simple and expeditious remedy for the administration of estates," and consequently are to be "liberally construed." *Needham v. Moore,* 292 S. W. 2d 720, 722 (Tenn. 1956). In particular, the statutory procedure for creditors to file claims against an estate for amounts owed by the decedent is "designed to afford a simple, expeditious, and informal method of filing claims against decedents." *Estate of Green v. Carthage Gen. Hosp., Inc.*, 246 S.W.3d 582, 584 (Tenn. Ct. App. 2007) (citing *In re Myers Estate*, 397 S.W.2d 831, 835 (Tenn. Ct. App. 1965)). Although the procedure is designed to be informal, it promotes finality by making it imperative for those involved to act in a timely fashion or be barred:

> The filing of a claim in effect amounts to a demand for payment and is the equivalent of the beginning of an action. It puts those interested in defending the estate against this claim as well as creditors . . . on notice that they must file exceptions, or the claim will be allowed and they will be forever barred from objecting unless there is some fraud or such matter that a court of equity might reach.

*Needham,* 292 S. W. 2d at 722-23 (internal citations and emphasis omitted). When a claim against an estate is filed, the clerk of the court is to give notice to the personal representatives of the decedent's estate. Tenn. Code Ann. § 30-2-313(a); *Estate of Green*, 246 S.W.3d at

583. The estate then has the right to file written exceptions to any claim filed. Tenn. Code Ann. § 30-2-314(a). The statute mandates: "Each exception shall include a reasonably detailed explanation of the ground or grounds upon which the person making such exception intends to rely." *Id.*; *see also* 19-15 *Pritchard on Wills and Admin. of Estates* § 795 (7th ed. 2009). As with claims against an estate, the failure to file a timely exception has consequences: " 'Failure to except to a claim amounts to an admission of its justness; and the claim becomes, in effect, a judgment against the estate at the end of the statutory period. . . .' " *Needham,* 292 S.W.2d at 723 (quoting *Pritchard, Wills and Estates, Phillips,* Vol. 2 at p. 268). *See also* Tenn. Code Ann. § 30-2-316; *Estate of Green,* 246 S.W.3d at 583.

On appeal, the Decedent's estate argues that the probate court erred in declining to consider all of its objections to Stender's claims. It argues that the substantive objections discussed in the September 13, 2010 letter to Stender, attached to the exceptions filed by the estate in April 2011, should have been considered as additional exceptions by the probate court. It contends, in effect, that attaching the letter to the exception filed made it clear that the filed exception was intended to include the objections listed in the letter, and that the exceptions and the attached letter should be viewed as one. Doing so, the estate insists, fulfilled the statutory requirement that the estate provide the claimant with a "reasonably detailed explanation" of the basis for all of the exceptions.[9] *See* Tenn. Code Ann.§ 30-2-314(a). The attached letter, together with the filed exceptions, the estate contends, provided Stender with fair notice that the Co-executors objected to her claims, as well as the nature of the substantive objections, particularly since Stender received the letter well before she filed her claims against the Decedent's estate.

The statute governing exceptions to a claim against an estate, Section 30-2-314(a), provides in pertinent part: "Each exception shall include a reasonably detailed explanation of the ground or grounds upon which the person making such exception intends to rely." Tenn. Code Ann. § 30-2-314(a) (2005). As noted above, the exception to each of Stender's claims filed by the Co-executors states only that the Co-executors "except to the claim of Barbara Karesh Stender, . . .entered on the records of the Probate Court of Shelby County, Tennessee on the grounds that the claim was not filed timely." Both exceptions attach the September 13, 2010 letter, but do not indicate why the letter is attached or even refer to it. The estate now argues that one viewing the exception and attached letter should necessarily glean that the estate also intended to state, as part of its exception to Stender's claims, the objections listed in the letter.

---

[9]The Decedent's estate cites two cases in support of its argument, *In re Estate W.M. Russell*, 373 S.W.2d 226, 234-35 (Tenn. Ct. App. 1961), and *In re Estate of Costello*, 269 S.W.2d 602, 606 (Tenn. Ct. App. 1954). These cases pre-date the enactment of the "reasonably detailed explanation requirement of Section 30-2-314(a) and thus are inapposite. *See* 1985 Tenn. Pub. Acts ch. 140 § 16 (effective Oct. 1, 1985).

The trial court was not persuaded by this argument, and we must agree with the trial court. Although the Co-executors now maintain that attaching the letter was intended to assert as part of the exception all of the objections to Stender's claims that are discussed in the letter, we see nothing in the exception that would lead to this conclusion. We agree with the trial court that the exceptions filed in April 2011 state only that the estate excepted to Stender's claims on the basis of timeliness.[10]

In the appellate brief filed by the Decedent's estate, the Co-executors also argue the merits of the objections discussed in the September 13, 2010 letter and in the amended exceptions filed in October 2011. Our affirmance of the trial court's holding, that the only exception filed to Stender's claims was timeliness, pretermits any consideration of the merits of these objections.

In the alternative, the Co-executors argue that the claims Stender advances against the Estate are frivolous in nature and inappropriate on their face. Thus, even if it is held that no exceptions to Stender's claims were made, the Co-executors contend, these claims should be deemed unenforceable and void as a matter of law. The Co-executors specifically point to claims such as Stender's request for reimbursement for a beneficiary's travel expenses to the Decedent's funeral and the request that the Decedent's estate reimburse debts allegedly owed by one of the Co-executors for his wedding. The Co-executors cite **Wilson v. Hafley**, 226 S.W.2d 308, 312 (Tenn. 1949), for the proposition that a claim against an estate may be deemed utterly void and unenforceable if, for example, it is actually a claim against someone else. In response, Stender emphasizes that, for a claim to be held void or unenforceable as a matter of law, it must be *facially* void without consideration of the Co-executors' assertions, and Stender contends that her claims do not meet this standard.

Under some limited circumstances, a claim filed against an estate may be found void on its face. If a claim is deemed void *ipso facto,* the legal effect is the same as if the claim had never been filed, even if the estate filed no valid exception to the claim. **See In re Estate of Williams**, M2000-02434-COA-R3-CV, 2003 WL 1961805, at *27; 2003 Tenn. App. LEXIS 313, at *84 (Tenn. Ct. App. Apr. 28, 2003). **See also Wilson**, 226 S.W.2d at 312 ("Of course if the claim showed on its face that it was utterly void then no exceptions would necessarily have to be taken and the estate would not be bound thereby."); **Miller v. Morelock**, 206 S.W.2d 427, 429 (Tenn. 1947).

---

[10]In their appellate brief, the Co-executors do not appeal the trial court's finding that Stender's claims were timely filed, nor do they appeal the trial court's decision that the October 2011 "amended exceptions" filed by the Co-executors did not relate back and did not constitute a valid amendment to the April 2011 exceptions.

We note that the trial court's findings of fact and conclusions of law did not include a ruling on this issue. As it is not a separate claim *per se*, it does not prevent the trial court's order from being a final, appealable order. However, the trial court's failure to make factual findings or conclusions of law on this issue, or to even refer to the issue at all in its order, leaves us unable to do a meaningful review of the trial court's ruling on it. ***See Irvin v. Irvin***, No. M2010-01962-COA-R3-CV, 2011 WL 2436507, at *11; 2011 Tenn. App. LEXIS 324, at *34 (Tenn. Ct. App. June 15, 2011).

We are left little choice but to remand the case to the trial court, pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure, for findings of fact and conclusions of law on whether specific claims filed against the Decedent's estate by Stender are unenforceable as a matter of law or void on their face. The trial court may, in its discretion, hold any additional hearings or proceedings it deems necessary.

## CONCLUSION

The decision of the trial court is affirmed in part and remanded for further proceedings consistent with this Opinion. Costs on appeal shall be assessed against Appellant the Estate of Roslyn F. Karesh and its surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE