NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0497n.06

No. 20-6231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES EVANS, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | 10/29/2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| AVECTUS HEALTHCARE SOLUTIONS, LLC, | ) | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Charles Evans claims that Avectus Healthcare Solutions engaged in the unauthorized practice of law when it filled out a form to perfect a hospital lien and later sent Evans a one-page document with information about the lien. The district court granted summary judgment to Avectus. We affirm.

Tennessee law allows a hospital or its agent to place a lien, in the amount of its unpaid medical charges, upon any legal recovery that a patient might later receive as a result of her injuries. Tenn. Code Ann. § 29-22-101 *et seq.* To perfect the lien, the hospital or its agent files "in the office of the clerk of the circuit court" a "verified statement" with the patient's name, address, dates of treatment, and amounts owed, among other similar information. Tenn. Code Ann. § 29-22-102(a). The clerk then records the lien in a "hospital lien book." Tenn. Code Ann. § 29-22-103. If the hospital is paid the amount owed, it sends the clerk a "certificate" to that effect and the clerk releases the lien. Tenn. Code Ann. § 29-22-105.

Saint Francis Hospital is located near Memphis. Its usual practice is to perfect liens for unpaid treatment expenses only if the patient is uninsured. In September 2016, St. Francis treated Charles Evans for injuries that he sustained in a car crash. St. Francis charged Evans $4,008.93. Although Evans had health insurance, St. Francis apparently overlooked that fact, because it sent his information to its agent, Avectus, for filing of a lien-perfection form. Avectus accordingly filled out Evans's information on the form, filed it with the court clerk, and mailed Evans a one-page document with generic information about the lien.

Evans's insurance company later paid St. Francis in full for his treatment. Nobody sent a release form to the court clerk, however, so the lien for Evans's invoice remained in place. Eventually Evans's lawyer—the same lawyer who represents him in this suit—mailed Avectus a check for $4,008.93, payable to St. Francis. Avectus then sent notice of the payment to the court clerk, who released the lien.

Evans thereafter brought this putative class action against Avectus, alleging that it had engaged in "the unauthorized practice of law" and "law business," in violation of Tennessee law, when it filled out and filed the lien-perfection form with the court clerk and when it sent Evans the one-page explanatory document. An affiliate of St. Francis then sent Evans's lawyer a check for $4,008.93, which his lawyer declined to cash. The parties later moved for summary judgment. In a carefully reasoned opinion, the district court granted summary judgment to Avectus. We review that decision de novo. *See U.S. ex rel. Wall v. Circle C Const., L.L.C.*, 697 F.3d 345, 350 (6th Cir. 2012).

In Tennessee, only licensed attorneys may practice law or engage in "law business." Tenn. Code Ann. § 23-3-103(a). The Tennessee Supreme Court retains "inherent power" to define what those terms mean. *In re Burson*, 909 S.W.2d 768, 776 (Tenn. 1995). An act amounts to the

practice of law "only if [it] requires the professional judgment of a lawyer." *Id.* And "the essence of professional judgment is the lawyer's educated ability to relate the general body and philosophy of law to a specific legal problem of a client." *Id.* The question is whether Avectus presumed to exercise that kind of judgment here.

Avectus did not do that when it filled out the lien-perfection form with Evans's information. That was "mere clerical work" rather than work requiring the exercise of legal judgment. *See Fifteenth Jud. Dist. Unified Bar Ass'n v. Glasgow*, 1999 WL 1128847, at *4 (Tenn. Ct. App. 1999); *see also In re Burson*, 909 S.W.2d 768. Nor did the act of filing that form with the court clerk require any legal judgment. *See Est. of Green v. Carthage Gen. Hosp.*, *Inc.*, 246 S.W.3d 582, 586 (Tenn. Ct. App. 2007).

That leaves the one-page document purporting to provide generic information about the lien. As an initial matter, we agree with Evans that the document is badly written and likely inaccurate in some respects. But the document was unrelated to any court appearance or the preparation of "papers, pleadings, or documents . . . in connection with proceedings pending" before a court or similar body. Tenn. Code Ann. § 23-3-101(3). Nor did the provision of that document require a "lawyer's educated ability to relate the general body and philosophy of law to a specific legal problem of a client." *In re Burson*, 909 S.W.2d at 776; *see also Glasgow*, 1999 WL 1128847, at *3 n.4. This case is therefore different from *In re Rose*, 314 B.R. 663 (Bankr. E.D. Tenn. 2004), in which a non-lawyer advised customers as to how to file a bankruptcy petition and other documents in bankruptcy court. *Rose*, 314 B.R. at 696–700. Thus, whatever one might say about Avectus's one-page document, it did not constitute the practice of law.

The district court's judgment is affirmed.