J. Elaine **BURKE**

v.

Mary Katherine **LANGDON.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

July 11, 2005 Session.

Oct. 13, 2005.

Permission to Appeal Dismissed Untimely Filing by Supreme Court Feb. 22, 2006.

Marshall H. Peterson, Knoxville, Tennessee, for the Appellant, J. Elaine Burke.

Gail F. Wortley, Knoxville, Tennessee, for the Appellee, Mary Katherine Langdon.

**OPINION**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and CHARLES D. SUSANO, JR., J., joined.

J. Elaine Burke ("Plaintiff") sued Mary Katherine Langdon ("Defendant") claiming that Defendant: (1) acting as the Personal Representative of the Estate of Charles Henry Langdon, III ("the Estate") was aware that Decedent owed money to Plaintiff; (2) had a duty under Tenn. Code Ann. § 30–2–306(e) to notify Plaintiff of the time and procedure for filing claims against the estate; (3) breached that duty with the result that the Probate Court held that Plaintiff's claim was time barred; and (4) could be held personally responsible for the debt owed by Decedent to Plaintiff. Both parties filed motions for summary judgment. The Trial Court granted Defendant's motion for summary judgment and dismissed Plaintiff's complaint finding and holding, *inter alia,* that Plaintiff had cited no case "where the personal representative was held personally responsible for time barred claims of creditors that resulted from the personal representative's failure to give actual notice to the creditor ... [and that] the Court has found no support for such a claim by way of precedence or from a review of well-accepted treatises." Plaintiff appeals. We vacate the grant of summary judgment and remand.

### Background

Plaintiff's claim arose from Plaintiff's representation of Defendant as her lawyer when Defendant sued Charles Henry Langdon, III ("Mr. Langdon" or "Decedent") for divorce. Defendant and Mr. Langdon were divorced in January of 1994. In the divorce action, the Circuit Court entered an order in November of 1993, *inter alia,* awarding Plaintiff "a fee of $250.00 relative to her services in connection with [Mr. Langdon's] contempt" to be taxed to Mr. Langdon. In addition, the Circuit Court entered an order in April of 1994, *inter alia,* awarding Plaintiff attorney's fees against Mr. Langdon in the amount of $6,500 "on behalf of the [Defendant] ... as alimony in solido ...."

Mr. Langdon died on March 22, 2001. At the time of his death, Decedent had not paid his debts owed to Plaintiff as ordered

by the Circuit Court. Letters of Administration were issued on August 24, 2001, naming Defendant as the Personal Representative of the Estate, and the first notice to creditors was published. Defendant did not mail or deliver to Plaintiff a copy of the published notice to creditors.

Plaintiff filed a claim against the Estate on August 14, 2003, for the $6,500 plus statutory interest, and for the $250 plus statutory interest, for a total claim of $13,083.17. Defendant filed an objection to Plaintiff's claim asserting that Plaintiff's claim, filed more than two years after the date of Decedent's death, was time barred under Tenn.Code Ann. § 30–2–307(a)(1)(B).

The case was heard before the Clerk and Master who filed a Master's Report on December 30, 2003, finding, *inter alia:*

> There is no dispute that the debt owed by the decedent to the claimant arose from representation in a domestic dispute and is evidenced by a judgment entered April 5, 1994 against the decedent ... [and] there is no dispute that the personal representative gave no actual notice to the claimant under T.C.A. § 30–2–306. The issue for resolution is whether the claim is barred because it was filed more than twelve (12) months after the decedent's death or whether the statutory scheme of Tennessee Claims Act (T.C.A. § 30–2–306 *et seq.*) allows claimant to file her claim two (2) years after the decedent's death because actual notice was not given by the personal representative.

The Master's Report recommended that the Probate Court enter an order holding that Plaintiff's claim against the Estate "is untimely filed, is barred and is hereby dismissed." No exceptions were filed to the Master's Report and the Probate Court entered an order February 5, 2004, confirming the Master's Report and hold-ing that Plaintiff's claim against the Estate "in the amount of $13,083.17 is untimely filed, is barred and is hereby disallowed."

Plaintiff then sued Defendant in Chancery Court ("Trial Court") claiming, among other things, that Defendant acting as the Personal Representative of the Estate was aware that Decedent owed money to Plaintiff; had a duty under Tenn.Code Ann. § 30–2–306(e) to notify Plaintiff of the time and procedure for filing claims against the Estate; and breached that duty with the result that the Probate Court held that Plaintiff's claim against the Estate was time barred. Plaintiff's complaint sought to hold Defendant personally liable "in the amount of $13,083.17 that is the accrued liability of decedent to Plaintiff as stated in the claim filed in probate."

Plaintiff and Defendant each filed a motion for summary judgment. By order entered August 13, 2004, the Trial Court granted Defendant summary judgment and dismissed Plaintiff's complaint finding and holding, *inter alia,* that Plaintiff had cited no case "where the personal representative was held personally responsible for time barred claims of creditors that resulted from the personal representative's failure to give actual notice to the creditor ... [and that] the Court has found no support for such a claim by way of precedence or from a review of well-accepted treatises." Plaintiff appeals to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether a personal representative of an estate can be held personally liable to a known or readily ascertainable creditor if the personal representative fails to provide notice to that creditor as required by Tenn.Code Ann. § 30–2–306(e).

In pertinent part, Tenn.Code Ann. § 30–2–306 provides:

> (e) In addition, it shall be the duty of the personal representative to mail or deliver by other means a copy of the published or posted notice as described in subsection (c) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative, at such creditor's last known addresses. Such notice shall not be required where a creditor has already filed a claim against the estate, has been paid or has issued a release of all claims against the estate.

Tenn.Code Ann. § 30–2–306(e) (2001).

■ Resolution of the issue presented in this appeal involves statutory interpretation. As the interpretation of a statute is a question of law, we review this issue *de novo* to determine whether Defendant was entitled to summary judgment as a matter of law. *E.g., City of Knoxville v. Entm't Res., LLC.,* 166 S.W.3d 650, 655 (Tenn. 2005). As our Supreme Court stated in *Conley v. State:*

> [W]e begin our analysis by reviewing familiar principles of statutory construction. Our "primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart v. State,* 33 S.W.3d 785, 791 (Tenn.2000) (quoting *Gleaves v. Checker Cab Transit Corp.,* 15 S.W.3d 799, 802 (Tenn.2000)). When the statutory language is unambiguous, we apply its plain and ordinary meaning. *Planned Parenthood of Middle Tenn. v. Sundquist,* 38 S.W.3d 1, 24 (Tenn.2000). When the statutory language is ambiguous, we must look to other sources, such as legislative history, to determine the intent and purpose of the legislature. *Id.*

*Conley v. State,* 141 S.W.3d 591, 595 (Tenn. 2004). "Statutes relating to the same subject or sharing a common purpose must be construed together ('in pari materia') 'in order to advance their common purpose or intent.'" *Frye v. Blue Ridge Neuroscience Ctr., P.C.,* 70 S.W.3d 710, 716 (Tenn. 2002) (quoting *Carver v. Citizen Utils. Co.,* 954 S.W.2d 34, 35 (Tenn.1997)).

The plain language of Tenn.Code Ann. § 30–2–306(e) states that it "shall be the duty of the personal representative" to provide notice "to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative ...." Tenn.Code Ann. § 30–2–306(e) (2001). Our Legislature clearly and unambiguously created a duty that must be fulfilled by the personal representative. We must, therefore, "give effect to the intention and purpose of the legislature" in creating this duty. *Conley,* 141 S.W.3d at 595.

Black's Law Dictionary defines duty as: "A legal obligation that is owed or due to another and that needs to be satisfied; an obligation for which somebody else has a corresponding right." Black's Law Dictionary 521 (7th ed.1999). Thus, we must determine the corresponding right for a breach of the duty created by Tenn.Code Ann. § 30–2–306(e).

In asserting that Plaintiff's claim is time barred, Defendant relies upon Tenn.Code Ann. § 30–2–307. In pertinent part, Tenn. Code Ann. § 30–2–307 provides:

> (a)(1) All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30–2–306(c). However:

*  *  *

(B) If a creditor receives actual notice less than sixty (60) days before the date which is twelve (12) months from the decedent's date of death or receives no notice, such creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

(2) After the expiration of the period prescribed in § 30–2–306(c), but before the date which is twelve (12) months from the decedent's date of death, the court may permit the personal representative to distribute the balance of the estate in accordance with § 30–2–701, make final settlement and enter an order discharging the personal representative. If a creditor files its claim after the estate is closed as permitted in the preceding sentence and before the date which is twelve (12) months from the decedent's date of death, the personal representative shall not be personally liable to such creditor whose recourse will be against the distributees of the estate, each of whom shall share liability on the claim in proportion to the claimant's share of the residue. The burden of proof on any issue as to whether a creditor was known to or reasonably ascertainable by the personal representative, or as to whether actual notice was properly sent in accordance with § 30–2–306, shall be upon the creditor claiming entitlement to such actual notice. In such cases, the distributees of the estate shall be personally liable on a pro rata basis if the court finds the claim is proper and the creditor did not receive the appropriate notice.

Tenn.Code Ann. § 30–2–307(a) (2001).

Thus, Tenn.Code Ann. § 30–2–307 provides that if a creditor receives no actual notice, but files a claim prior to the date which is twelve months from the date of the decedent's death, then the "personal representative shall not be personally liable to such creditor whose recourse will be against the distributees of the estate ...." Tenn.Code Ann. § 30–2–307(a)(2) (2001). Also in support of her argument, Defendant cites to *Estate of Jenkins v. Guyton* wherein our Supreme Court stated: "Tenn.Code Ann. § 30–2–307(a)(1)(B) provides for an absolute one year limit on the filing of claims against the estate, and this limitations period applies whether the creditor has received proper notice or no notice at all." *Estate of Jenkins v. Guyton*, 912 S.W.2d 134, 138 n. 3 (Tenn.1995).

■ We agree that "Tenn.Code Ann. § 30–2–307(a)(1)(B) provides for an absolute one year limit on the filing of claims against the estate ...." *Id.* However, in the case at hand, Plaintiff seeks to hold Defendant personally responsible for the breach of her duty to notify Plaintiff as a known or readily ascertainable creditor. Plaintiff is not seeking recourse against the Estate. Therefore, Tenn.Code Ann. § 30–2–307(a)(1)(B) is not applicable to the issue involved in this case.

While we find the language of Tenn. Code Ann. § 30–2–306(e) to be clear and unambiguous, we have erred on the side of caution by also reviewing the legislative history behind Tenn.Code Ann. § 30–2–306(e). This review revealed that our Legislature both contemplated situations arising very similar to the case at hand and sought to impose a duty on the personal representative who then could be held personally liable for breaching that duty.

■ Our duty is to "ascertain and give effect to the intention and purpose of the legislature." *Conley*, 141 S.W.3d at 595. We find the clear legislative intention and purpose of this statute is to create a duty and to hold the personal representative personally liable for a breach of that duty. We, therefore, hold that a personal repre-

sentative can be held personally liable for a breach of the duty created by Tenn.Code Ann. § 30–2–306(e). To hold otherwise would mean that our Legislature intended to provide a personal representative statutory protection for choosing to violate her statutory duty by not notifying known or readily ascertainable creditors with the hope that these creditors would fail to file claims within twelve months of the date of death, likely resulting in more money for the beneficiaries. A personal representative who is also a beneficiary could, therefore, create a windfall for herself with no repercussions for violating her statutory duty. By our interpretation of this statute, we decline to hold that our Legislature intended to create this duty of the personal representative and then to reward the personal representative for a violation, especially an intentional violation, of that duty. To hold other than as we have would be to defeat the clear intent of our Legislature when it specifically created this "duty of the personal representative...."

We are not unaware of the fact that treating this statutorily created duty as we have may well have a chilling effect on individuals' willingness to serve as personal representatives of estates. This, however, is a policy decision best addressed by our Legislature, and does not impact our duty to interpret and enforce the statute as enacted by our Legislature. Our Legislature created this duty by the enactment of Tenn.Code Ann. § 30–2–306(e), and we are not at liberty to amend that statute to delete this duty of the personal representative.

Defendant disputes that Plaintiff was a known or readily ascertainable creditor, certainly a material fact given our holding. Therefore, as we have held that a personal representative can be held personally liable for breaching the duty created by Tenn.Code Ann. § 30–2–306(e), Defendant was not entitled to summary judgment as a matter of law. We vacate the grant of summary judgment and remand this case to the Trial Court.

### Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as are consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellee, Mary Katherine Langdon.